UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FLORA M. ARONSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                    Defendant. | No.  CV-12-5014-EFS<br><br>**ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION** |

## I.   INTRODUCTION

Before the Court, without oral argument, are cross-summary-judgment motions. Plaintiff Flora M. Aronson appeals the Administrative Law Judge's (ALJ) denial of her application for Supplemental Security Income and Disability Insurance Benefits. ECF No. 15. Plaintiff contends the ALJ's ultimate decision — the denial of her claim for benefits — is based on legal error and not supported by substantial evidence. ECF No. 16. Defendant Carolyn W. Colvin, the Commissioner of Social Security ("Commissioner"), asks the Court to affirm the ALJ's decision finding Plaintiff would not be disabled if she stopped using drugs and alcohol. ECF No. 19. After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court affirms the ALJ's decision and

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION- 1

therefore denies Plaintiff's motion and grants the Commissioner's motion.

## II. BACKGROUND

**A. Factual Background**[1]

Plaintiff, a 51-year-old Native American woman, has a tenth grade education with a general equivalency diploma (GED). ECF No. 12, at 35. At the time of her administrative hearing, Plaintiff was 46 years old and living alone in Pasco, Washington. *Id*. She has worked as a construction worker, a waitress, and a cook. *Id*. at 553-54. Most recently, in 2008, Plaintiff was employed as a maintenance worker at her apartment complex in Pasco. *Id*. at 39-40 & 189-90. Plaintiff had a tumultuous upbringing, ECF No. 16, at 2-4, and has suffered from a lifelong battle with drug and alcohol dependence, *id.* at 7-8. At the time of her first hearing in 2009, Plaintiff admitted to drinking at least one beer every day. ECF No. 12, at 40. During her 2010 hearing, Plaintiff stated that she was currently two-months sober, and the longest period of sobriety in her life lasted four months. *Id*. at 540.

In 2007, Angelo Ballasiotes, a board certified psychiatric pharmacist, diagnosed Plaintiff with depression, polysubstance abuse, and attention deficit hyperactivity disorder (ADHD). *Id*. at 298. Plaintiff reported a history of bipolar disorder, but it is not clear

---

[1] The facts are only briefly summarized. A detailed recitation of the facts is contained in the administrative hearing transcript and the ALJ's decision.

when this diagnosis was made, and Dr. Ballasiotes indicated that Plaintiff's history of amphetamine use made any bipolar diagnosis "questionable at best." *Id.* at 300. In 2010, Dr. Laurie Zimmerman confirmed the diagnoses made by Dr. Ballasiotes, and added a diagnosis of anxiety disorder. *Id.* at 531. It does not appear that Plaintiff has ever been hospitalized for any of her mental disorders.

Plaintiff indicated that she was regularly attending mental health treatment and at one point in 2008 she was able to keep an apartment and pay all of her bills without assistance. *Id.* at 38-39. During her 2009 hearing, Plaintiff was separated from a previous husband but in another relationship. *Id.* at 44. Plaintiff did not testify about her daily routine in either of her hearings, but she has alleged that her mental disorders severely impact her ability to function on a daily basis. *Id.* at 242.

**B.   Procedural History**

In May 2007, Plaintiff filed for Supplemental Security Income and Disability Insurance Benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. She alleges disability beginning in January 2004 due to depression; anxiety; learning disability; ADHD; post-traumatic stress disorder (PTSD); sleep disorder; memory problems; asthma; anorexia; hepatitis C; polysubstance abuse; and two other ailments which Plaintiff has not defined, Acute OV and Chronic DV. ECF No. 16, at 2. In 2007, her claim was denied by the Social Security Administration. ECF No. 12, at 49. The ALJ denied Plaintiff's claim after two hearings, *id.* at 11-21, and finally, the Social Security Administration denied

Plaintiff's request for review. Plaintiff now brings this action pursuant to 42 U.S.C. § 405(g), claiming that the ALJ's decision is based on legal error and not supported by substantial evidence.

### III. LEGAL STANDARD

**A.  Disability Determination**

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals

one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment does not meet or equal one of the listed impairments, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work she has performed in the past.  This includes determining the claimant's residual functional capacity.  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform her previous work, she is not disabled.  If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of her age, education, and work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987).

The burden of proof shifts during this sequential disability analysis.  The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  The claimant meets this burden if she establishes that a physical or mental impairment prevents her from engaging in her previous occupation.  The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).  A claimant is disabled only if her impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experiences, engage in any other substantial

gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**B.   Standard of Review**

On review, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision.  *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).  The Court upholds the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)); *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987) (recognizing that a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance, *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [ALJ] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  If the evidence supports more than one rational interpretation, the Court must uphold

the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

### IV. ANALYSIS

Plaintiff raises four arguments in support of her contention that the ALJ erroneously assessed her disability claim. First, Plaintiff contends the opinions of the treating and examining medical experts in her case were not given sufficient weight; second, she argues the ALJ improperly rejected a number of her alleged disorders at step two of the sequential evaluation process; third, she alleges the ALJ unfairly rejected her subjective complaints; and fourth, she claims the ALJ failed to conduct a proper step four analysis. Upon review of the entire record, the Court rejects these arguments and finds the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

The ALJ properly considered all relevant medical testimony in coming to the conclusion that Plaintiff would not be disabled absent her substance dependency and abuse issues. The ALJ properly dismissed the opinions of Ms. Smith, a therapist who saw Plaintiff in 2007 when she was incarcerated in Benton County, and Mr. Gusic, a relationship therapist. Ms. Smith only saw Plaintiff on one occasion after Plaintiff had been using drugs and alcohol regularly, s*ee id.* at 377-83, and Mr. Gusic assisted Plaintiff in coping with various relationships she was struggling with, ECF No. 16, at 9. Therefore, neither of these individuals were in a position to assess Plaintiff's ability to work for the purposes of this claim: it was not improper for the ALJ to give more weight to other opinions.

The medical evidence that the ALJ did credit was the most credible evidence available. The ALJ relied on Dr. Ballasiotes, a board certified psychiatric pharmacist, who regularly saw Plaintiff and prescribed her medication, to support the ALJ's conclusion that Plaintiff's problems improved with prolonged periods of sobriety.[2] *Id.* at 20. Dr. Khushalani — a chemical dependency expert who reviewed the entire record in this case — reiterated Dr. Ballasiotes's opinion and concluded that Plaintiff was not disabled absent the effects of drugs and alcohol. These two experts were credible sources, and their opinions support the ALJ's conclusion in this case.

The ALJ also properly excluded all of Plaintiff's alleged disorders — other than her substance abuse and depression — at step two. An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Accordingly, mild or minor psychological impairments are not considered severe. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). If Plaintiff has any claim for error at step two, it rests with the ALJ's dismissal of her anxiety complaints at step two. However, there is very little objective

---

[2] Although the ALJ does not directly credit Dr. Ballasiotes's notes, the ALJ wrote, "Further, the medical records show that without drugs and alcohol, the claimant can carry out routine, repetitive tasks (Exh, p.3)." ECF No. 12, at 20. Though this citation is ambiguous, page 3 of Dr. Ballasiotes's notes indicate that Plaintiff has significantly improved after participation in an alcohol treatment program. *Id.* at 299.

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION- 8

evidence supporting Plaintiff's complaints regarding anxiety and panic attacks, and there is virtually no evidence suggesting how or why this condition severely impacts Plaintiff's ability to work.  Yet, even if this Court were to assume it was erroneous for the ALJ not to expressly consider anxiety after step two, Dr. Khushalani took this anxiety into account and recommended limited public contact for Plaintiff, ECF No. 12, at 551-52, and the ALJ included this information in the hypothetical posed to the vocational expert, *id.* at 555.  Therefore, any possible failure to identify anxiety at step two was harmless because the effects of anxiety were considered later in the analysis.  *See Burch v. Barnhart*, 400 F.3d 676, 682-84 (9th Cir. 2005) (finding that failure to identify a specific impairment as severe at step two is harmless if the effects are considered in later steps of the analysis).

All of Plaintiff's other proposed disorders were properly dismissed at step two.  Plaintiff did not provide sufficient evidence to show that her learning disability, ADHD, post-traumatic stress disorder, sleep disorder, memory problems, asthma, anorexia, hepatitis C, Acute OV, and Chronic DV had a severe impact on her ability to work.  In fact, Plaintiff makes no connection between many of these disorders — like PTSD, for example — and the specific, untreatable interference they cause with her ability to work.  Furthermore, the ALJ's conclusion that many of these problems would not be as severe if Plaintiff abstained from substance abuse is supported by the medical records in this case.  *See* ECF No. 12, at 287-99.

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION- 9

1    The ALJ properly considered Plaintiff's subjective complaints. As stated above, the objective evidence from Dr. Ballasiotes — which was relied upon by Dr. Khushalani — suggests that Plaintiff's impairments began to improve with prolonged periods of sobriety. That evidence remains uncontroverted. Furthermore, Plaintiff's own testimony suggests that she was able to function at a fairly high level for periods of time after her claim was filed. *Id.* at 38-39 (Plaintiff testified that — at some unidentified period of time — she was able to live on her own, maintain an apartment, and pay all of her bills.). Accordingly, the Court finds the ALJ's decision to reject Plaintiff's subjective complaints in favor of the objective evidence is properly supported by substantial evidence.

   Finally, the ALJ did not err in concluding that Plaintiff could return to her previous work as a construction worker. The vocational expert testified that a person with Plaintiff's qualifications, age, and work experience who can engage in and follow simple directions but not complex ones and can only have occasional contact with the general public, could perform work as a construction worker. *Id.* at 555. Accordingly, the ALJ found that Plaintiff could return to work as a construction worker, both as Plaintiff previously performed that work and as that work is performed in the national economy. *Id.* at 21. This finding is consistent with the medical evidence and expert testimony in the record; therefore, the ALJ did not err in his analysis at step four.

//

/

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION- 10

**V.   CONCLUSION**

In summary, the Court finds the record contains substantial evidence from which the ALJ properly concluded – using the correct legal standards – that Plaintiff did not suffer from a disability. For the aforementioned reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED.**

2. The Commissioner's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED.**

3. The Clerk's Office is directed to **ENTER JUDGMENT** in the Commissioner's favor, and to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this   22nd   day of August 2013.

s/ Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Civil\2012\5014.Soc.Sec.lc1.docx

ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION- 11